UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT MARTIN, | CASE NO. 1:16 CV 504 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| JASON SKORY, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On March 2, 2016, Plaintiff *pro se* Robert Martin, an inmate at the Hocking Correctional Facility, filed this *in forma pauperis* action under the Racketeer Influenced and Corrupt Organization Act ("RICO") against the following Defendants: Jason Skory, Dan Churchill, Critchfield Critchfield and Johnson, Roger D. Proper, and Thompson Hine. Plaintiff alleges, in very general terms, that Defendants have conspired to improperly remove funds from a trust of which he is the beneficiary.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Section 1962 of the RICO Act makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C. § 1962(c). The statute provides a private right of action for any person injured in his business or property by reason of a violation of its substantive prohibitions. 18 U.S.C. § 1964(c); *Dahlgren v. Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008). Violation of § 1962(c) requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. All these elements must be stated. *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985).

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid RICO claim. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); *see also, Leisure v. Hogan*, No. 00-4570, 2001 WL 1298984(6th Cir. Aug. 8, 2001)(RICO complaint containing neither direct nor inferential allegations respecting all material elements to sustain recovery

permitted district court to dismiss action for lack of subject matter jurisdiction). This action must be and is therefore dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATED: March 28, 2016